UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EARNEST D. BEAMON, JR.,

        Plaintiff,

  v.                                    Case No. 15-CV-560

WILLIAM POLLARD, et al.,

        Defendants.

## ORDER

Plaintiff Earnest Beamon, who is proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that his First Amendment rights were violated at the Waupun Correctional Institution. The court issued a screening order allowing him to proceed with his action on February 17, 2016 (ECF No. 17) and the defendants filed their answer on April 7, 2016 (ECF No. 24). The parties have consented to the jurisdiction of this court. (ECF Nos. 5, 16).

This matter is before the court on Beamon's "motion to strike affirmative defenses." (ECF No. 25). The defendants have not responded. For the reasons explained in this order, the court will grant in part and deny in part Beamon's motion to strike.

The court may, upon motion or upon its own initiative, "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The burden on a motion to strike is upon the moving party. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The court should not grant a motion to strike unless the defense is patently defective under the requirements set forth in the Federal Rules of Civil Procedure. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982). Indeed, the court must give defendants the opportunity to prove their allegations if there is any possibility that the defense might succeed after a full hearing on the merits. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975).

Defendants raise ten "defenses" in their answer. (ECF No. 24 at 9). Beamon asks the court to strike all ten defenses from the answer.

a. <u>Defense One: Failure to State a Claim</u>

Beamon contends that the court must strike as "moot" defendants' defense of failure to state a claim because the court issued a screening order allowing the action to proceed. The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In doing so, the court uses the motion to dismiss standard established under Rule 12(b)(6) when screening the complaint. § 1915(e)(2)(B). However, a screening order is issued without the benefit of

defendants' response. § 1915A(a). Once defendants present their arguments, the court may conclude that plaintiff's complaint does not state a claim upon which relief can be granted. Moreover, the screening order is a cursory review of the complaint construed in favor of allowing the action to proceed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, defendants' assertion that plaintiff's complaint fails to state a claim is legally "possible." The court will deny the motion to strike defense one.

  b. <u>Defense Two: Sovereign Immunity</u>

Beamon next argues that, contrary to defendants' second defense, he may file suit against state government employees in their "official capacity" under § 1983 without violating the doctrine of sovereign immunity under the Eleventh Amendment. Beamon is correct that he may seek injunctive or declaratory relief against state government employees in their "official capacity." *Kentucky v. Graham*, 473 U.S. 159 (1985). However, he may not seek monetary damages against a state government employee in his or her official capacity. *Id*; *Cory v. White*, 457 U.S. 85, 90 (1982); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents" in violation of the Eleventh Amendment. *Brandon v. Holt*, 469 U.S. 464, 471 (1985).

Beamon has filed suit against the defendants in their "personal" and "official" capacities, seeking both declaratory and monetary relief. The defendants' sovereign immunity defense is not "redundant, immaterial, impertinent, scandalous," or

3

"patently defective" to the extent that Beamon asserts that he is entitled to monetary damages from a defendant who was acting in his or her official capacity. The court will deny the motion to strike defense two.

### c. Defenses Three, Four, Six, Seven, and Nine: Qualified Immunity, Personal Involvement, Control, Failure to Mitigate, and Claim/Issue Preclusion.

Beamon contends that the defenses of qualified immunity, lack of personal involvement, lack of control, failure to mitigate, and claim/issue preclusion must be raised at summary judgment and not in the answer as affirmative defenses under Rule 8(c). The Federal Rules of Civil Procedure provide that, "[i]n responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Defendants have done that. The motion to strike defenses three, four, six, seven and nine will be denied.

### d. Defense Five: State Law Claims

Beamon contends that the court should strike the fifth defense because he is not pursuing any state law claims. The court will grant Beamon's motion to strike defense five as "immaterial." Beamon is advised that the court will hold him to his representation and will not accept a later argument that the complaint should be construed to be alleging a state law claim.

4

e. Defense Eight: Exhaustion of Administrative Remedies

Beamon argues that the eighth defense is "insufficient" because defendants do not have "any basis" for the belief. Defendants need not present a "basis for the belief" in the answer. *See* Fed. R. Civ. P. 8(b)(1)(A). Rather, they need only assert a "short and plain" statement of their defenses to each claim asserted against them. *Id*. Defendants have done that. The court will deny Beamon's motion to strike defense eight.

f. Defense Ten: Right to Reserve Affirmative Defenses

Beamon contends that Rules 8 and 12(b) prohibit defendants from reserving the right to raise affirmative defenses in the future. Affirmative defenses are waived if they are not raised in the first pleading. Fed. R. Civ. P. 12(b). However, "[a]s with all motions for leave to amend, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised at the outset." *Wallace v. City of Chicago*, 472 F. Supp. 2d 942, 946 (N.D. Ill. 2004). The court will grant Beamon's motion to strike defense ten as a "legal nullity." *See Fed. Deposit Ins. Corp. v. Giannoulias*, No. 12 C 1665, 2014 WL 3376892, at *9 (N.D. Ill. July 10, 2014). If defendants later seek to add additional affirmative defenses the court will address such a request at that time.

Finally, Beamon also asserts that all defenses should be stricken because they were not "submitted in motion form." Rule 12(b) permits certain identified defenses to be brought by motion before pleading if a responsive pleading is allowed. Courts in the Seventh Circuit give defendants the option of presenting Rule 12(b) defenses in the

5

responsive pleading or by motion. *Swanson v. City of Hammond, Ind.*, 411 F. App'x 913, 915 (7th Cir. 2011). Defendants may assert Rule 12(b) defenses in the answer and are not required to do so by motion.

## ORDER

**IT IS THEREFORE ORDERED** that Beamon's motion to strike affirmative defenses (ECF No. 25) is **GRANTED in part** and **DENIED in part**. The motion is granted as to defenses five and ten and denied as to the remaining defenses.

Dated at Milwaukee, Wisconsin this 6th day of May, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge